WALTER STANDIFER v. STATE.
No. A-1574. Opinion Filed May 17, 1913.
Appeal from Pottawatomie County Court;
Ross F. Lockridge, Judge.

Walter Standifer was convicted of violating the prohibitory law, and appeals. Affirmed.

Baldwin & Carlton and C. G. Pitman, for plaintiff in error.

Smith C. Matson, Asst. Atty. Gen., for the State. Monroe Osborn, of counsel.

PER CURIAM. Plaintiff in error, Walter Standifer, was convicted at the October, 1911, term of the county court of Pottawatomie county on a charge of having the unlawful possession of intoxicating liquor with intent to sell the same, and his punishment fixed at a fine of one hundred fifty dollars and confinement in the county jail for a period of sixty days. The record in this case discloses the fact that there was some incompetent testimony admitted at the trial, but upon the whole case we are unable to say that this judgment should be reversed. In our judgment there is no miscarriage of justice. The plaintiff in error is clearly guilty. Let the judgment of the trial court be affirmed.

---

In re GUS BARBEE.
No. A-1970. Opinion Filed May 24, 1913.

Baldwin & Carlton, for petitioner.

C. J. Davenport, Asst. Atty. Gen., for respondent.

PER CURIAM. This is a petition for writ of habeas corpus, wherein Gus Barbee alleges that he is unlawfully restrained and imprisoned in the common jail of Pottawatomie county, by Jeff McColgan, sheriff of said county. Petitioner alleges that said restraint and imprisonment is illegal and unauthorized, because the information upon which he was tried and convicted for the alleged offense of conducting games of poker and craps, fails to state a public offense, and by reason of such fact the county court of Pottawatomie county had no jurisdiction to try petitioner, and no jurisdiction to pronounce judgment and sentence. From an examination of the record it clearly appears that the petitioner was put upon trial before a court of competent jurisdiction under an information sufficient in form and substance to sustain a conviction for the crime therein charged. It is our opinion that the application of the petitioner is without merit. Hence, the writ of habeas corpus is denied.